UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VADIM BRANITSKI,

Plaintiff,

vs.

BROADVIEW MEDIA, INC., a Minnesota corporation,

Defendant.

Civil No. 0(-CV-2212 ADM/AJB

STIPULATION OF CONFIDENTIALITY AND ORDER FOR PROTECTION OF RECORDS AND INFORMATION

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their counsel, that certain records or documents and information produced or provided by Defendant or Plaintiff during the course of this action pursuant to Rule 26 of the Federal Rules of Civil Procedure or in response to a Request for Production of Documents or Interrogatories or any other discovery procedure, may be deemed to contain confidential information. Therefore, the parties stipulate that this Court should enter an Order protecting any such documents and information as follows:

1. Until further order of this Court, stipulation of the parties or as otherwise provided herein, the documents referred to above and any information derived therefrom shall be treated by the parties as confidential. All such documents shall be marked, "CONFIDENTIAL."

2. A Party may designate material as confidential only after making a bona fide determination that the material contains information that is

(a) commercial information, a trade secret or other confidential information;

(b) private information, including, but not limited to:

DEC 07 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

RECEIVED NOV 15 2000

(i) personnel files of a Party or a Party's employees, including Plaintiff's personnel file from any employer;

(ii) financial or tax information regarding any individual or party;

(iii) health care records of any individual, including but not limited to medical, psychiatric, dental, chiropractic, and optometical records;

(iv) personal diaries or journals of any individual; or

(v) counseling records of any individual, including but not limited to mental health counseling, and job placement or coaching;

(vi) educational records of any individual; or

(c) information or documents which are proprietary to the Party or which contain non-public information.

Confidential information includes information that, if disclosed, could cause invasion of the privacy of, or cause annoyance or embarrassment for a Party or family member, employee or agent of a Party. Any dispute between the parties as to the confidentiality of any specific material shall be resolved pursuant to Paragraph 3 of this Stipulation of Confidentiality and Order for Protection of Records and Information ("Protective Order").

3. If a Party believes that any material which is produced does not contain any of the types of information described in Paragraph 2, that Party shall, within thirty (30) days of the service of such materials, contest the applicability of this Protective Order to such material by notifying the attorneys for the other Parties, in writing, and specifically identifying the material for which the confidentiality designation is contested. Upon receipt of such notification, the other Party shall have thirty (30) days in which to make a Motion for Protective Order with respect to such material. Any contested material for which such a Motion is not timely made or as to which requested relief is not

granted shall be deemed outside the scope of this Protective Order. Failure to contest the confidentiality of any material prior to the dispositive motion cutoff date in this action, or within ten (10) days of the production, whichever is later, shall be deemed a waiver of a Party's right to contest the status of such material.

4. All documents produced by Defendant or Plaintiff referred to above and any information derived therefrom shall be available only to Defendant's or Plaintiff's attorneys of record, employees of their respective law firms who are directly assisting in this case, officers and/or employees of Defendant directly involved in the defense of the action, Plaintiff, court officials involved in this litigation, and any expert witness consulted or retained on behalf of any party to testify on a subject matter directly involving such documents and information. Disclosure to any individual other than court personnel, Defendant's officers and employees as described above, Plaintiff and the attorneys of record (who are bound to the terms of this Protective Order), such as witnesses and expert witnesses, shall be made only as necessary for the pursuit of this action and only after the person to whom the disclosure is made has been informed of and agreed in writing to be bound by the terms of this Protective Order. The documents referred to above and any information derived therefrom shall not be made available to any other person or entity without the prior written consent of the Defendant or Plaintiff, as applicable.

5. Neither the documents referred to above nor any information derived therefrom shall be used or communicated by any person receiving the information or documents in accordance with this Protective Order, for any purpose whatsoever other than for use in this action. The documents and information covered by this Protective Order shall be used solely for purposes of this action and shall not be used or disclosed for any business purpose or any other purpose.

6. Nothing in this Protective Order shall be construed to limit the use or disclosure of any of the documents referred to above or any information derived therefrom at or during any deposition, trial or hearing, or on any appeal, in this action so long as the use or disclosure does not violate the terms of this Protective Order. Any information and documents covered by this Protective Order which, consistent with this Protective Order, are revealed by or included in any discovery proceedings (whether formal or informal, and whether in the form of depositions, transcripts, interrogatory answers, document production or otherwise) or in any motions, pleadings, affidavits, briefs, memoranda or other papers filed or submitted to the Court, or in connection with any appeal or other proceeding, shall be subject to this Protective Order and shall be placed under seal. As to any such documents and information filed with or provided to any Court in this matter, the Clerk of Court shall maintain under seal all such information and/or documents or the portion of the deposition transcript, motion, hearing or other transcripts, interrogatory answers, or other materials containing such information and/or documents to be made available only to the Court and to counsel for the parties in this proceeding until further Order of the Court.

7. Prior to the Trial of this matter, counsel for both parties shall seek to reach agreement on the handling of information and documents covered by this Protective Order at Trial so as to provide protection against public disclosure without in any way infringing on the rights of the parties to present any evidence they deem necessary at such Trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for its consideration.

8. There shall be no reproduction whatsoever of the documents referred to above, except that which is required in preparation for pre-trial discovery and/or motions, in preparation for Trial, Trial, post-Trial motions or any appeals; copies, excerpts or summaries may only be shown or given to those authorized to receive such information pursuant to this Protective Order.

9. Counsel for any party, experts and all others who have had access to any information and/or documents pursuant to this Protective Order shall, upon request of opposing parties' counsel, return the documents referred to above, including all copies, excerpts or summaries thereof, to counsel for the requesting party within 30 days of the final termination of this action including all appeals except those deemed necessary to defend for any malpractice or liability claims. The parties may agree to a third party escrow, with a self-destruction commitment or return after six years.

Dated: 11/25, 2000

Donald H. Nichols (MN I.D. #73918)
NICHOLS KASTER & ANDERSON
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 373-7201

ATTORNEYS FOR PLAINTIFF
VADIM BRANITSKI

Dated: December 4, 2000

Richard A. Ross (MN I.D. # 18 791)
Suzanne R. Roemer (MN I.D. #305327)
FREDRIKSON & BYRON, P.A.
1100 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
(612) 347-7022

ATTORNEYS FOR DEFENDANT
BROADVIEW MEDIA, INC.

::ODMA\PCDOCS\FBDOCS1\2444338\1

**ORDER**

**IT IS SO ORDERED.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2000.

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

*Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.